MIRIAM ISIDRO *v.* STATE OF CONNECTICUT
(AC 19860)

Foti, Schaller and Hennessy, Js.

Argued November 29, 2000—officially released April 3, 2001

*Peter T. Evans*, with whom, on the brief, was *Peter M. Appleton*, for the appellant (plaintiff).

*Robert G. Clemente*, with whom, on the brief, was *Jessica D. Meerbergen*, for the appellee (defendant).

*Opinion*

SCHALLER, J. The plaintiff, Miriam Isidro, appeals from the summary judgment rendered in favor of the defendant, the state of Connecticut, on the ground that the two year statute of limitations, General Statutes § 52-584,[1] barred her negligence action. The plaintiff's sole claim is that the court improperly concluded that General Statutes § 52-593[2] did not apply to save her

---

[1] General Statutes § 52-584 provides in relevant part: "No action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered . . . ."

[2] General Statutes § 52-593 provides in relevant part: "When a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein, the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto if service of process in the new action is made within one year after the termination of the original action. . . ."

action from the running of the two year statute of limitations. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of this appeal. This action arises from an accident involving a motor vehicle and a pedestrian. At approximately 2 a.m. on February 12, 1995, the plaintiff, while standing on the side of Route 66 in the town of Columbia, was struck by a vehicle owned by the state and operated by a Connecticut state police officer, Roger Weissinger.

On January 13, 1997, the plaintiff initiated a negligence action against Weissinger alone to recover damages resulting from the accident. The parties stipulated that when the accident occurred, Weissinger was employed by the state police, he acted in the course of his employment and the state owned the motor vehicle involved in the accident. This stipulation was fatal to the plaintiff's action, as it rendered Weissinger immune from liability for a negligence claim pursuant to General Statutes § 4-165.[3] On the basis of such immunity, the court granted Weissinger's motion for summary judgment.

On December 22, 1998, more than three years after the accident, the plaintiff initiated a second action arising from the same accident. This time, she named the state of Connecticut as the defendant, claiming that it was vicariously liable for Weissinger's conduct. The statute of limitations governing such an action, however, allows only two years from the date of injury for a party to commence an action. General Statutes § 52-584. Because the plaintiff initiated this action after the expiration of the two year limitations period, the defen-

---

[3] General Statutes § 4-165 provides in relevant part: "No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment. . . ."

dant filed a motion for summary judgment. To save her action, the plaintiff claimed that § 52-593 applied because the original action failed by reason of failure to name the proper party as the defendant, and, accordingly, her action was exempt from the two year statute of limitations. The court rejected the plaintiff's claim and granted the defendant's motion for summary judgment. This appeal followed.

The plaintiff claims that the court improperly determined that § 52-593 was inapplicable and, thus, her action could not be saved from the two year statute of limitations. Specifically, she claims that the court improperly concluded that the original action did not fail by reason of failure to name the proper party as a defendant. We are not persuaded.

We begin by setting forth our standard of review applicable in summary judgment matters. "The standards governing review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . *Miller* v. *United Technologies Corp.*, 233 Conn. 732, 744–45, 660 A.2d 810 (1995). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . *Tarzia* v. *Great Atlantic & Pacific Tea Co.*, 52 Conn. App. 136, 145, 727 A.2d 219 (1999) [appeal dismissed, 254 Conn. 786, 759 A.2d 502 (2000)].

"On appeal, [w]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . *Avon*

*Meadow Condominium Assn., Inc.* v. *Bank of Boston Connecticut,* 50 Conn. App. 688, 693, 719 A.2d 66, cert. denied, 247 Conn. 946, 723 A.2d 320 (1998). Because the trial court rendered judgment for the [defendant] as a matter of law, our review is plenary and we must decide whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record. . . . *Gateway Co.* v. *DiNoia,* 232 Conn. 223, 229, 654 A.2d 342 (1995)." (Internal quotation marks omitted.) *Kroll* v. *Steere,* 60 Conn. App. 376, 380–81, 759 A.2d 541, cert. denied, 255 Conn. 909, 763 A.2d 1035 (2000). In accordance with this standard, we must determine whether the court's interpretation of § 52-593 was legally correct.

Section 52-593 provides in relevant part that "[w]hen a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein, the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto . . . ." This statute, according to the plaintiff, should be interpreted broadly to encompass situations in which a plaintiff in an original action names the wrong defendant by virtue of a legal mistake, rather than just by a factual mistake as to the actual identity of the defendant. In other words, she argues that § 52-593 applies to cases in which the plaintiff in the original action, in fact, correctly identified the defendant, but that defendant could not be held liable due to a mistake as to legal theory, in this instance, immunity. We are not persuaded.

The plaintiff's interpretation is contrary to our Supreme Court's interpretation of the statute. Our Supreme Court has recognized that § 52-593 applies only in circumstances in which the plaintiff's original action failed by reason of naming, in fact, the wrong defendant; that is, in cases in which the naming of the wrong defendant was the product of a reasonable and

honest mistake of fact as to the identity of the truly responsible individual. See *Perzanowski* v. *New Britain*, 183 Conn. 504, 507, 440 A.2d 763 (1981); see also *Vessichio* v. *Hollenbeck*, 18 Conn. App. 515, 520, 558 A.2d 686 (1989). To illustrate, § 52-593 would apply in a situation in which a plaintiff erroneously sues A under the mistaken belief that A negligently operated or owned a vehicle, when in fact B operated or owned the vehicle. In *Perzanowski*, such a situation did not occur. There, the plaintiff's original civil rights action failed against the defendant city because the city was immune from liability in such an action. When the plaintiff later brought an action against the city under a different legal theory, the trial court dismissed the action for failure to comply with the statute of limitations. The plaintiff appealed from that judgment, arguing that § 52-593 applied and that the action therefore was not barred on the basis of the statute of limitations. Our Supreme Court refused to apply § 52-593 because the plaintiff's original action was not dismissed as a result of "a mistake in naming a defendant." *Perzanowski* v. *New Britain*, supra, 507.

Similarly, here, the plaintiff's original action was not dismissed because she failed to name the proper defendant as a matter of fact. Instead, the plaintiff's original action was dismissed because, like the defendant in *Perzanowski*, the defendant was immune from liability. We note that the plaintiff did not make a mistake as to the identity of the owner of the vehicle at the time of the original action. To the contrary, she stipulated that the state owned the vehicle. The plaintiff was, therefore, free to pursue the state in the original action but did not to do so for some reason, whether a tactical choice or technical deficiency.

Moreover, following the plaintiff's logic would undermine the statute of limitations because a plaintiff could unilaterally extend the limitation period simply by filing

an action against a defendant who could not be liable based on a legal theory. "To allow [such an] action to continue at this time would defeat the basic purpose of the public policy that is inherent in statutes of limitation, i.e., to promote finality in the litigation process." (Internal quotation marks omitted.) *Rosario* v. *Hasak,* 50 Conn. App. 632, 638, 718 A.2d 505 (1998). In the course of interpreting a similar statute that provides refuge from the statute of limitations, we noted that "[a]lthough [General Statutes] § 52-592 is a remedial statute and must be construed liberally . . . it should not be construed so liberally as to render statutes of limitation virtually meaningless." (Internal quotation marks omitted.) *Rosario* v. *Hasak,* supra, 639. We conclude that the same logic applies to § 52-593 and, accordingly, reject the plaintiff's interpretation of the statute. Under these circumstances, allowing the plaintiff to gain refuge under § 52-593 would undermine the purpose of the statute of limitations. We conclude, therefore, that the court properly determined that § 52-593 did not apply to the plaintiff's case.

The judgment is affirmed.

In this opinion the other judges concurred.