## ALPHONSE KRONBERG *v.* TRINI PEACOCK ET AL.
### (AC 21813)

Landau, Dranginis and Hennessy, Js.

Argued November 28, 2001—officially released January 22, 2002

*David T. Grudberg*, with whom, on the brief, was *Howard A. Jacobs*, for the appellant (plaintiff).

*Carla Ottaviano*, for the appellees (defendants).

*Opinion*

LANDAU, J. The plaintiff, Alphonse Kronberg, appeals from the judgment of the trial court rendered after it granted the motion for summary judgment filed by the defendants, Trini Peacock and Carol Galinis. On appeal, the plaintiff claims that the court improperly concluded that the saving provisions of General Statutes § 52-593[1] did not apply to the facts of this case and that the plaintiff's cause of action was time barred by the applicable statute of limitations. We affirm the judgment of the trial court.

The following facts are not in dispute. On August 13, 1994, the plaintiff was employed as an instructor by E-Z Method Driving School, a business owned by Galinis. On that date, the plaintiff sustained personal injuries in a motor vehicle accident that occurred in the course of his employment. More specifically, the plaintiff was a passenger in a motor vehicle that was owned by Gal-

---

[1] General Statutes § 52-593 provides: "When a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein, the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto if service of process in the new action is made within one year after the termination of the original action. If service of process in the original action has been made upon an agent of the defendant named in the new action, or if the defendant in the new action is a corporation and service in the original action has been made upon an officer or agent of the corporation, notice of any claim for damage shall be sufficient if given in the original action, pursuant to statutory provisions, to any officer or agent of the defendant in the new action."

inis and was being operated by Peacock, a student operator. Galinis had insured the vehicle pursuant to a policy issued by New Hampshire Insurance Company (insurer). The policy of insurance contained a provision excluding liability claims for bodily injury to an "employee of the 'insured' arising out of and in the course of employment by the 'insured.' " On August 6, 1996, the plaintiff commenced an action against the insurer seeking uninsured motorist benefits. *Kronberg* v. *New Hampshire Ins. Co.*, Superior Court, judicial district of New Haven at Meriden, Docket No. 254494 (January 25, 2000) (*Kronberg I*).

*Kronberg I* was stayed pending resolution of the dispute pursuant to arbitration. The arbitrators found that the plaintiff had failed to demonstrate that he had exhausted the liability insurance coverage for the tortfeasor vehicle and rendered an award in favor of the insurer.[2] The plaintiff subsequently commenced this action on June 29, 2000.

The present action sounded in negligence against the defendants, the owner and the operator of the motor vehicle, and alleged that the plaintiff sustained injuries due to the accident on August 13, 1994. The plaintiff also alleged that his action was brought pursuant to General Statutes §§ 52-592 and 52-593.[3] The defendants filed a motion for summary judgment, claiming that there were no genuine issues of material fact and that the plaintiff's action was barred by the applicable statute of limitations, General Statutes § 52-584.[4] The plain-

---

[2] *Kronberg I* presently is on appeal before this court. *Kronberg* v. *New Hampshire Ins. Co.*, AC 20510.

[3] The plaintiff subsequently withdrew his claim that the action was permissible pursuant to General Statutes § 52-592.

[4] General Statutes § 52-584 provides in relevant part: "No action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained . . . ."

tiff opposed the motion for summary judgment, arguing that the action was saved by § 52-593 because he had named the wrong defendant in *Kronberg I*. The defendants responded that the plaintiff had not named the wrong defendant in *Kronberg I*, but properly named the insurer in an action for uninsured motorist benefits.

The court agreed with the defendants, concluding that § 52-593 could not save the present action because the plaintiff did not name the wrong defendant in *Kronberg I*, an uninsured motorist action against an insurance company. In the present action, the plaintiff named different defendants under a different legal theory, one sounding in negligence.

"The standards governing our review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . *Miller* v. *United Technologies Corp.*, 233 Conn. 732, 744–45, 660 A.2d 810 (1995). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Id., 745. The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; *D.H.R. Construction Co.* v. *Donnelly*, 180 Conn. 430, 434, 429 A.2d 908 (1980); and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book [§ 17-46]. . . . *Suarez* v. *Dickmont Plastics Corp.*, 229 Conn. 99, 105, 639 A.2d 507 (1994). . . . *Raynor* v. *Hickcock Realty Corp.*, 61 Conn. App. 234, 236, 763 A.2d 54 (2000).

"On appeal, [w]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . *Avon Meadow Condominium Assn., Inc.* v. *Bank of Boston Connecticut*, 50 Conn. App. 688, 693, 719 A.2d 66, cert. denied, 247 Conn. 946, 723 A.2d 320 (1998). Because the trial court rendered judgment for the [defendant] as a matter of law, our review is plenary and we must decide whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record. . . . *Gateway Co.* v. *DiNoia*, 232 Conn. 223, 229, 654 A.2d 342 (1995). *Kroll* v. *Steere*, 60 Conn. App. 376, 380–81, 759 A.2d 541, cert. denied, 255 Conn. 909, 763 A.2d 1035 (2000)." (Internal quotation marks omitted.) *Davies* v. *General Tours, Inc.*, 63 Conn. App. 17, 20–21, 774 A.2d 1063, cert. granted on other grounds, 256 Conn. 926, 776 A.2d 1143 (2001) (appeal withdrawn October 18, 2001).

The plaintiff concedes, and we agree, that if this case is not saved by § 52-593, it is time barred by the statute of limitations, § 52-584. The plaintiff does not deny that he knew the identity of the defendants at the time of the collision. The plaintiff, however, argues that § 52-593 should be liberally construed to permit him to prosecute the present action. We disagree and conclude that this court's recent decision in *Isidro* v. *State*, 62 Conn. App. 545, 771 A.2d 257 (2001), which is on point, controls this appeal.

"Our Supreme Court has recognized that § 52-593 applies only in circumstances in which the plaintiff's original action failed by reason of naming, in fact, the wrong defendant; that is, in cases in which the naming of the wrong defendant was the product of a reasonable and honest mistake of fact as to the identity of the truly responsible individual. See *Perzanowski* v. *New Britain*, 183 Conn. 504, 507, 440 A.2d 763 (1981); see

also *Vessichio* v. *Hollenbeck*, 18 Conn. App. 515, 520, 558 A.2d 686 (1989). To illustrate, § 52-593 would apply in a situation in which a plaintiff erroneously sues A under the mistaken belief that A negligently operated or owned a vehicle, when in fact B operated or owned the vehicle. In *Perzanowski*, such a situation did not occur. There, the plaintiff's original civil rights action failed against the defendant city because the city was immune from liability in such an action. When the plaintiff later brought an action against the city under a different legal theory, the trial court dismissed the action for failure to comply with the statute of limitations. The plaintiff appealed from that judgment, arguing that § 52-593 applied and that, the action therefore was not barred on the basis of the statute of limitations. Our Supreme Court refused to apply § 52-593 because the plaintiff's original action was not dismissed as a result of 'a mistake in naming a defendant.' *Perzanowski* v. *New Britain*, supra, 507." *Isidro* v. *State*, supra, 62 Conn. App. 549–50.

In *Isidro*, we concluded that § 52-593 did not save the plaintiff's action because her original action was not dismissed due to her failure to name the proper defendant as a matter of fact. Instead, the action was dismissed because, like the defendant in *Perzanowski*, the defendant was immune from liability. We noted in our decision in *Isidro* that the plaintiff did not make a mistake as to the identity of the owner of the vehicle at the time of the original action and that she had been free to pursue the owner in that action, but that for some reason, whether tactical choice or technical deficiency, she did not do so.

As in *Perzanowski* and *Isidro*, the plaintiff here brought an action naming the proper defendant for the legal theory alleged. He cannot save this negligence action against the owner and the operator of the vehicle from being time barred by claiming that he named the

wrong party in *Kronberg I* because the insurer was the proper defendant in that uninsured motorist action.[5] We therefore conclude that the trial court properly granted the defendants' motion for summary judgment.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] Because we conclude that the plaintiff's action is time barred by the statute of limitations and cannot be saved by General Statutes § 52-593, we need not consider the defendants' alternate ground for affirming the judgment.