JOSEPHINE BILLERBACK *v.* GREGORY
CERMINARA ET AL.
(AC 21618)

Foti, Mihalakos and Flynn, Js.

Argued May 6—officially released September 17, 2002

*James K. Smith*, for the appellant (plaintiff).

*J. Kevin Golger*, for the appellees (defendants).

*Opinion*

MIHALAKOS, J. The plaintiff, Josephine Billerback, appeals from the summary judgment rendered by the trial court in favor of the defendants, Gregory Cerminara and Palma Cerminara. The issue presented is whether the court properly granted the defendants' motion for summary judgment when it determined that the plaintiff could not bring her action under General Statutes § 52-593[1] after her first action had been dismissed for dormancy. The court concluded that the plaintiff could not bring a new action under § 52-593 because a judgment of dismissal for dormancy is not within the category of judgments in § 52-593 that permits her to avail herself of the statute's savings clause. We affirm the judgment of the trial court.

---

[1] General Statutes § 52-593 provides in relevant part: "When a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein, the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto if service of process in the new action is made within one year after the termination of the original action. If service of process in the original action has been made upon an agent of the defendant named in the new action . . . notice of any claim for damage shall be sufficient if given in the original action, pursuant to statutory provisions, to any officer or agent of the defendant in the new action."

The following undisputed facts and procedural history are relevant to our resolution of the plaintiff's appeal. On April 7, 1998, the plaintiff filed a complaint against Phil Cerminara and Nancy Cerminara, alleging that on May 4, 1996, she slipped and fell on their property. On September 10, 1998, while the April 7, 1998 complaint was pending, the plaintiff filed a separate complaint naming the defendants and alleging the same operative facts. The plaintiff contended that the second complaint could be brought under the savings clause of § 52-593 because Gregory Cerminara and Palma Cerminara were, in fact, the proper defendants, and Phil Cerminara and Nancy Cerminara were named improperly in the original complaint. On June 18, 1999, more than nine months after the filing of the second complaint, the April 7, 1998 complaint was dismissed for dormancy pursuant to Practice Book § 14-3.[2]

On November 13, 1998, the defendants filed a motion for summary judgment in the second action, asserting that the plaintiff could not avail herself of the protection afforded under § 52-593 because she had not received a judgment of dismissal for the initial action founded on the failure to name the correct defendant. The plaintiff responded by explaining that she had filed the second complaint shortly after she discovered that the wrong defendants had been named in the initial complaint. The plaintiff, however, admitted that instead of waiting for a judgment in the original case, she brought a second action to control unnecessary costs and avoid possibly vexatious litigation. On January 23, 2001, the court granted the defendants' motion for summary judgment. Finding no genuine issue of material fact, the court concluded that the claim was time barred by the statute

---

[2] Practice Book § 14-3 (a) provides in relevant part: "If a party shall fail to prosecute an action with reasonable diligence, the judicial authority may, after hearing, on motion by any party to the action . . . or on its own motion, render a judgment dismissing the action with costs. . . ."

of limitations embodied in General Statutes § 52-584 and, therefore, that the defendants were entitled to judgment as a matter of law.[3] Further, the court concluded that the plaintiff could not avail herself of § 52-593 because the dismissal of her case was not for "failure to name the right person as defendant"; General Statutes § 52-593; but for dormancy, which does not fall into the category of judgments required by the statute. This appeal followed.

The plaintiff claims that the court improperly concluded that § 52-593 was inapplicable and thereby improperly granted the defendants' motion for summary judgment. We disagree.

We begin by setting forth our standard of review. "The standards governing our review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an

[3] General Statutes § 52-584 provides in relevant part: "No action to recover damages for injury to the person . . . caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) *Kronberg* v. *Peacock*, 67 Conn. App. 668, 671, 789 A.2d 510, cert. denied, 260 Conn. 902, 793 A.2d 1089 (2002). This court must decide, on review, "whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Because the trial court rendered judgment for the [defendants] as a matter of law, our review is plenary and we must decide whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record." (Citation omitted; internal quotation marks omitted.) *Isidro* v. *State*, 62 Conn. App. 545, 548–49, 771 A.2d 257 (2001). In accordance with that standard, we must determine whether the court's interpretation of § 52-593 was legally correct.

We now turn to the issue raised by the plaintiff in this appeal. Section 52-593 provides in relevant part that "[w]hen a plaintiff in any civil action has *failed to obtain judgment by reason of failure to name the right person as defendant* therein, the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto . . . [if] the new action is made within one year *after the termination of the original action. . . .*" (Emphasis added.) The language of the statute means that once the plaintiff discovered that she had filed a complaint against an improper party, she could file the claim against the correct party, and not be barred by the statute of limitations, only "after the termination of the original action" for "failure to name the right person as defendant" in the first action.

According to the plaintiff, § 52-593 should have been interpreted broadly to encompass situations in which a plaintiff in an original action named the wrong defendant by mistake, but failed to obtain the necessary judg-

ment in that action before filing a second action. In other words, the plaintiff argues that § 52-593 may be applied to benefit cases in which the plaintiff in the original action mistakenly named the wrong defendant and, instead of acquiring the required judgment "by reason of failure to name the right person as defendant," began a second action before the first action concluded. We are not persuaded.

The plaintiff concedes, and we agree, that if her action is not saved by § 52-593, it is time barred by § 52-584, the statute of limitations. The plaintiff does not challenge the fact that the court dismissed the first action for dormancy on June 18, 1999, and the fact that she did not make any effort to open that judgment. Further, the plaintiff agrees that she commenced the second action on September 10, 1998, more than four months after the statute of limitations had run on her cause of action and more than nine months before she obtained judgment on the April 7, 1998 complaint. Finally, the plaintiff concurs that the judgment rendered in the first action was not the appropriate judgment required by § 52-593.

First, the plaintiff argues that she could not continue litigating the original action to secure the appropriate judgment because if she had, she would have been responsible for Phil Cerminara's and Nancy Cerminara's court costs as well exposing herself to a possible vexatious litigation action. Next, the plaintiff, relying on *Parrott* v. *Meacham*, 161 Conn. 573, 290 A.2d 335 (1971), asserts that she believed she could not withdraw the original action voluntarily and still initiate an action under § 52-593. See id., 575 (discussing effect of voluntary withdrawal in relation to General Statutes § 52-592). Although the plaintiff was aware that allowing the first action to be dismissed for dormancy would undermine her ability to enforce § 52-593, she did so regardless. See *Vessichio* v. *Hollenbeck*, 18 Conn. App.

515, 520, 558 A.2d 686 (1989) (holding that trial court did not err in concluding that § 52-593 was inapplicable to action for dismissal for failure to prosecute with due diligence). The plaintiff in the interim filed a new action against the proper defendants. Nevertheless, the plaintiff did not meet the requirements to enable her to apply § 52-593 to save her cause of action.

"The plaintiff's interpretation is contrary to our Supreme Court's interpretation of the statute. Our Supreme Court has recognized that § 52-593 applies only in circumstances in which the plaintiff's original action failed by reason of naming, in fact, the wrong defendant; that is, in cases in which the naming of the wrong defendant was the product of a reasonable and honest mistake of fact as to the identity of the truly responsible individual." *Isidro* v. *State*, supra, 62 Conn. App. 549–50; see also *Perzanowski* v. *New Britain*, 183 Conn. 504, 507, 440 A.2d 763 (1981); *Vessichio* v. *Hollenbeck*, supra, 18 Conn. App. 520. Here, that is not the case. The plaintiff was free to pursue the original action to obtain a judgment for failure to name the proper defendants and then, after the judgment was rendered, make the second claim. In the alternative, the plaintiff could have sought to open the judgment for dormancy, receive the proper judgment and then pursue the second claim. Whether the plaintiff made a tactical choice or not, she did not pursue either opportunity.[4]

---

[4] We recognize that the result reached today is rather draconian. Nevertheless, we are constrained by the language of the statute as interpreted by our precedent. We agree with Justice Shea in his concurring opinion in *Andrew Ansaldi Co.* v. *Planning & Zoning Commission*, 207 Conn. 67, 75, 540 A.2d 59 (1988) (*Shea, J.,* concurring), in which he explained that the Supreme Court "took the wrong course many years ago when we began to treat virtually every deviation from the statutory norm as a defect . . . . We have been traveling down this path for too long . . . to turn back at this late time without some legislative direction." Nevertheless, Justice Shea stated that "[s]ince these procedures are commonly set forth in imperative language, it has not been wholly unreasonable to give them mandatory import and thus to regard any nonconformity as fatal to the appeal even

Further, we have stated that "[f]ollowing the plaintiff's logic would undermine the statute of limitations because a plaintiff could unilaterally extend the limitation period simply by filing an action against a defendant who could not be liable based on a legal theory." *Isidro* v. *State*, supra, 62 Conn. App. 550–51. We hold that applying the exception offered by the plaintiff would render the statute meaningless and circumvent the purposes of the doctrine itself. "To allow [such an] action to continue at this time would defeat the basic purpose of the public policy that is inherent in statutes of limitation, i.e., to promote finality in the litigation process. . . . In the course of interpreting a similar statute that provides refuge from the statute of limitations, we noted that [a]lthough [General Statutes] § 52-592 is a remedial statute and must be construed liberally . . . it should not be construed so liberally as to render statutes of limitation virtually meaningless." (Citation omitted; internal quotation marks omitted.) *Isidro* v. *State*, supra, 551. Similarly, we conclude that the same logic applies to § 52-593 and that the court properly determined that § 52-593 did not apply to the plaintiff's case.

We conclude that the court was correct in determining that there was no genuine issue as to any material fact and that the defendants were entitled to judgment as a matter of law. The plaintiff has failed to satisfy all the criteria in § 52-593 and, therefore, her action is time barred and her claim fails.

The judgment is affirmed.

In this opinion the other judges concurred.

though . . . such a result was far from inevitable." Id. Thus, Justice Shea concluded that "much as I deplore the jurisprudential path we have taken, I am constrained to continue upon it until such time as we may be directed otherwise by legislative authority." Id., 76. Accordingly, we also are limited here by the language of General Statutes § 52-593 until the legislature chooses to remedy the situation.