[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECTSION ON MOTION FOR SUMMARY JUDGMENT/REARGUMENT (#129)
The defendants Desimone Enterprises, Inc. d/b/a Service Master of Hartford and Robert Desimone filed a motion for summary judgment on an issue which the Court had already ruled on on June 27, 2002. That motion was also a motion for summary judgment. The defendants seek what is in effect a reargument based on the fact that a case came down on September 17, 2002, which the defendants claim supports their motion. That case isBillerbock v. Cerminara, 72 Conn. App. 302, 805 A.2d 757 (2002).
In Billerbock the wrong defendants were named and while that first complaint was still pending the plaintiff filed a separate complaint naming the property owners and alleging the same operative facts. The first complaint was subsequently dismissed for dormancy and the property owners filed a motion for summary judgment in the second action asserting that the claim was time barred. The Billerbock court agreed concluding that the plaintiff could not avail herself of § 52-593 because the dismissal of her case was not for "failure to name the right person as defendant; " General Statutes § 52-593, but for dormancy, which does not fall into the category of judgments required by § 52-593.
Billerbock does not stand for the proposition that the language of termination in § 52-593 precludes termination by withdrawal of an action on the grounds of naming the wrong defendant. Billerbock stands for the proposition that dismissal of a case under the dormancy statute, § 52-592, even where the wrong defendant was named in that case cannot be saved as to the statute of limitations by bringing the case again under § 52-593. A dormancy dismissal is based on lack of due diligence. A case so dismissed cannot be brought again under § 52-593, on the grounds of naming the wrong defendant. This is the Billerbock
holding.
Accordingly, the plaintiff's second motion for summary judgment raising CT Page 1021 the same issues as the first motion for summary judgment dated September 6, 2001, is denied. This Court does not find Billerbock in point. The Court's reasoning in its decision of November 15, 2001, as to the first motion for summary judgment applies as well to this second motion for summary judgment.
___________________ Hehnessey, J. CT Page 1022