[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT (No. 106)
Conn. Gen. Stat. § 52-593 allows a plaintiff to bring a new action, otherwise barred by the statute of limitations, if, in an earlier action, the plaintiff "has failed to obtain judgment by reason of failure to name the right person as defendant." The question presented by the motion for summary judgment now before the court is whether § 52-593
applies to a case in which the plaintiff sues one set of defendants in the first action, obtains a monetary settlement against those defendants, subsequently withdraws the first action, and — after the statute of limitations has expired — brings a second action against a new defendant asserted to be additionally responsible for the plaintiff's damages. For the reasons set forth below, the answer to the question presented is No.
The facts material to the motion before the court are not in dispute. Kristine Cogan, the plaintiff, alleges that she was injured in an automobile accident on September 12, 1997. She commenced her first action in 1999. Cogan v. McKernan, No. 427563 (J.D.N.H.) ("Cogan I"). The defendants in Cogan I were Shannon McKernan and Richard Plasky. McKernan was alleged to be the driver of the automobile (the "McKernan car") that injured Cogan, and Plasky was alleged to be the owner of the McKernan car. On February 3, 2000, Cogan signed a release stating that she had received the sum of $100,000 from McKernan and Plasky. Cogan I was withdrawn on February 14, 2000.
The present action ("Cogan II") was commenced by service of process on November 22, 2000. The sole defendant in Cogan II is Chase Manhattan Auto Financial Corp. ("Chase"). The complaint in Cogan II alleges that Chase leased the McKernan car to Plasky and was thus liable to Cogan pursuant to Conn. Gen. Stat. § 14-154a, which renders the owner of a motor vehicle leased to another liable for any damage caused by the operation of the motor vehicle while so leased. CT Page 4364
The motion for summary judgment now before the court was filed on October 26, 2002. The motion claims that Cogan II is barred by the applicable statute of limitations, Conn. Gen. Stat. § 52-584. The motion was heard on March 24, 2003.
Cogan concedes, and I agree, that, if Cogan II is not saved by §52-593, it is time barred by § 52-584. Cogan II was, as mentioned, commenced by service of process on November 22, 2000, more than three years after the act complained of, which occurred on September 12, 1997. The "discovery rule" of § 52-584, which requires an action to be brought "within two years from the date when the injury is first sustained or discovered," has no application to actions brought after the expiration of the three-year "repose section" of the same statute. Wittv. St. Vincent's Medical Center, 252 Conn. 363, 369 n. 5, 746 A.2d 753
(2000). For this reason, Cogan II cannot be saved by the "discovery rule" and must be saved by § 52-593, if it is to be saved at all.
Sec. 52-593 provides that, "When a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein, the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto if service of process in the new action is made within one year after the termination of the original action." In order to secure the benefit of this statute, Cogan must satisfy two different tests: (1) that she "failed to obtain judgment"; and (2) that she did so "by reason of failure to name the right person as defendant." Neither of these tests are satisfied here.
Sec. 52-593 first requires that a plaintiff "fail to obtain judgment." Cogan I did not result in a judgment of any sort. Rather, that action was withdrawn on February 14, 2000. Under these circumstances, Cogan cannot be said to have "failed to obtain judgment" in Cogan I.
 Billerback v. Cerminara, 72 Conn. App. 302, 805 A.2d 757 (2002), is instructive on this point. Billerback had originally sued Phil Cerminara and Nancy Cerminara, claiming that she had slipped and fallen on their property. Subsequently, while the original complaint was still pending, Billerback sued Gregory Cerminara and Palma Cerminara. The Appellate Court held that the requirements of § 52-593 had not been satisfied because the new action had not been "made within one year after the termination of the original action." It observed that, "The plaintiff was free to pursue the original action to obtain a judgment for failure to name the proper defendants and then, after the judgment was rendered, make the second claim." Id. at 308. Cogan's failure to follow this course in Cogan I is fatal to her present claim. CT Page 4365
Even if the withdrawal of Cogan I were deemed a "failure to obtain judgment," which it was not, the asserted "failure" did not occur "by reason of failure to name the right person as defendant." The evidence submitted to the court establishes, to the contrary, that the defendants named in Cogan I were the "right" defendants. Cogan I was withdrawn not because Cogan had named the "wrong" defendants but because the defendants she had named paid her the sum of $100,000.
Sec. 52-593 "applies only in circumstances in which the plaintiff's original action failed by reason of naming, in fact, the wrong defendant; that is, in cases in which the naming of the wrong defendant was the product of a reasonable and honest mistake of fact as to the identity of the truly responsible individual." Isidro v. State,62 Conn. App. 545, 549-50, 771 A.2d 257 (2001). The circumstances identified in Isidro are not present here. This is not a case in which the plaintiff mistakenly sues Jones as the person responsible for her injuries and later discovers that the person responsible was Smith. At best, this is a case in which the plaintiff correctly sues Jones as the person responsible for her injuries and later discovers that Smith was responsible as well. Sec. 52-593 simply does not apply to this latter situation.
Cogan argues that she was, in fact, mistaken "as to the identity of the truly responsible individual" because she initially sued Plasky as the owner of the McKernan car and later discovered that the owner was Chase. This argument suffers from two flaws. First, Plasky ultimately joined with McKernan in settling Cogan I for $100,000. Although it may be that, had Cogan gone to trial, Plasky would have received a defendant's verdict, that did not happen here. Defendants frequently settle cases in which they might ultimately prevail, but the result of the case remains a settlement rather than a defendant's verdict. Cogan's case against Plasky did not fail because she failed to name the right person as a defendant or for any other reason. Her suit against Plasky succeeded.
Cogan's argument additionally overlooks the fact that she named McKernan, as well as Plasky, as a defendant in Cogan I. Under any theory of the law, McKernan was a "right" defendant. Cogan I alleged that McKernan was the driver of the McKernan car, and Cogan II makes this very same allegation. There is no claim of mistake as to McKernan, nor could there be. McKernan, like Plasky, settled the case against her by monetary payment. Under these circumstances, Cogan I did not fail to name the "right" person as defendant. Instead, Cogan I "nam[ed] the proper defendant for the legal theory alleged." Kronberg v. Peacock,67 Conn. App. 668, 673, 789 A.2d 510, cert. denied, 260 Conn. 902,793 A.2d 1089 (2002). CT Page 4366
This case does not present the usual § 52-593 scenario of a plaintiff suing Jones and later discovering that the person responsible for her injuries was not Jones but Smith. At best, this case presents the situation of a plaintiff suing Jones and later discovering that, while Jones was responsible for her injuries, Smith was responsible as well. In this latter scenario, the plaintiff can bring a second action against Smith only if the statute of limitations has not expired. To hold otherwise would undermine the statute of limitations because a plaintiff could unilaterally extend the limitation period simply by filing an action against one responsible defendant at a time. "To allow such an action to continue at this time would defeat the basic purpose of the public policy that is inherent in statutes of limitation, i.e., to promote finality in the litigation process." Isidro v. State, supra,62 Conn. App. at 551. (Internal quotation marks, citation, and brackets omitted.)
The motion for summary judgment is granted.
 Jon C. Blue Judge of the Superior Court
CT Page 4367