## KRISTINE COGAN *v.* CHASE MANHATTAN AUTO FINANCIAL CORPORATION
### (AC 24131)

Schaller, Bishop and Peters, Js.

Argued April 20—officially released July 13, 2004

*Hugh D. Hughes*, with whom, on the brief, were *William F. Gallagher* and *Charles B. Angelo*, for the appellant (plaintiff).

*James E. O'Donnell*, for the appellee (defendant).

SCHALLER, J. The plaintiff, Kristine Cogan, appeals from the judgment of the trial court rendering summary judgment in favor of the defendant, Chase Manhattan Auto Financial Corporation (Chase). The court rendered summary judgment on the basis of Chase's argument that the statute of limitations had expired prior to the filing of the plaintiff's action. On appeal, the plaintiff claims that the court improperly failed to apply General Statutes § 52-593, which can save an action from being barred by the statute of limitations when the plaintiff has filed the original action against the wrong defendant. We affirm the judgment of the trial court.

The court's memorandum of decision sets forth the underlying facts. "[T]he plaintiff alleges that she was injured in an automobile accident on September 12, 1997. She commenced her first action in 1999. *Cogan* v. *McKernan*, Superior Court, judicial district of New Haven, Docket No. 427563 (*Cogan I*). The defendants in *Cogan I* were Shannon McKernan and Richard Plasky. McKernan was alleged to be the driver of the automobile (McKernan car) that injured the plaintiff, and Plasky was alleged to be the owner of the McKernan car. On February 3, 2000, the plaintiff signed a release stating that she had received the sum of $100,000 from McKernan and Plasky. *Cogan I* was withdrawn on February 14, 2000.

"The present action (*Cogan II*) was commenced by service of process on November 22, 2000. The sole defendant in *Cogan II* is [Chase]. The complaint in *Cogan II* alleges that Chase leased the McKernan car to Plasky and was thus liable to the plaintiff pursuant to General Statutes § 14-154a, which renders the owner of a motor vehicle leased to another liable for any damage caused by the operation of the motor vehicle while

so leased." Chase filed a motion for summary judgment on October 26, 2002, claiming that *Cogan II* was barred by the statute of limitations. The trial court stated in its memorandum of decision that "[the plaintiff] concede[d] . . . that, if *Cogan II* is not saved by § 52-593, it is time barred by [General Statutes] § 52-584."[1]

In granting the motion for summary judgment, the court stated that "*Cogan I* did not result in a judgment of any sort. Rather, that action was withdrawn on February 14, 2000. Under these circumstances, the plaintiff cannot be said to have 'failed to obtain judgment' in *Cogan I*." The court explained that "[t]his case does not present the usual § 52-593 scenario of a plaintiff suing Jones and later discovering that the person responsible for her injuries was not Jones but Smith. At best, this case presents the situation of a plaintiff suing Jones and later discovering that, while Jones was responsible for her injuries, Smith was responsible as well. In this latter scenario, the plaintiff can bring a second action against Smith only if the statute of limitations has not expired. To hold otherwise would undermine the statute of limitations because a plaintiff could unilaterally extend the limitation period simply by filing an action against one responsible defendant at a time." The plaintiff appealed from the summary judgment rendered in favor of Chase.

"We exercise plenary review over a trial court's decision to grant a motion for summary judgment. . . . Pursuant to Practice Book § 17-49, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no

---

[1] General Statutes § 52-584 provides in relevant part: "No action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . ."

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A material fact is a fact which will make a difference in the result of the case." (Citation omitted; internal quotation marks omitted.) *Krevis* v. *Bridgeport*, 80 Conn. App. 432, 434–35, 835 A.2d 123 (2003), cert. denied, 267 Conn. 914, 841 A.2d 219 (2004).

General Statutes § 52-593 provides in relevant part: "When a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein, the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto if service of process in the new action is made within one year after the termination of the original action. . . ."

In *Isidro* v. *State*, 62 Conn. App. 545, 549–50, 771 A.2d 257 (2001), we explained that "[o]ur Supreme Court has recognized that § 52-593 applies only in circumstances in which the plaintiff's original action failed by reason of naming, *in fact*, the wrong defendant; that is, in cases in which the naming of the wrong defendant was the product of a reasonable and honest mistake of fact as to the identity of the truly responsible individual." (Emphasis added.) The plaintiff argues that *Isidro* is distinguishable. Although *Isidro* is not factually identical to the present case, it is persuasive and provides guidance. Further, in *Billerback* v. *Cerminara*, 72 Conn. App. 302, 307–308, 805 A.2d 757 (2002), a case ignored by the plaintiff, we held that to be eligible for relief under § 52-593, the plaintiff would have to have obtained a judgment in the original action. Id., 308 ("The plaintiff was free to pursue the original action to obtain a judgment [of dismissal] for failure to name the proper defendants and then, after the judgment was rendered, make the second claim. . . . Whether the plaintiff made a tactical choice or not, she did not pursue [the] opportunity.").

In the present case, the plaintiff's failure to obtain a judgment was not because she named the wrong defendant. She withdrew her action in favor of a settlement. She has not met the requirement of a judgment as set forth in *Billerback,* nor does she fall within the class of parties contemplated by *Isidro.* A withdrawal arising out of a settlement simply is not equivalent to a judgment. The court correctly rendered summary judgment in favor of Chase.

The judgment is affirmed.

In this opinion the other judges concurred.