CARISA CARUSO ET AL. *v.* CITY OF MILFORD ET AL.
(AC 22615)

Foti, Dranginis and West, Js.

---

[12] That definition is in compliance with our case law. See *State* v. *Ramos,* 261 Conn. 156, 166–67, 801 A.2d 788 (2002).

Argued December 6, 2002—officially released February 11, 2003

*Laurel Fedor*, for the appellants (plaintiffs).

*Thomas R. Gerarde*, with whom was *Alexandria L. Bufford*, for the appellee (defendant board of education).

*Opinion*

FOTI, J. The plaintiffs, Carisa Caruso and Lisa Caruso,[1] appeal from the judgment of the trial court granting the motion for summary judgment filed by the defendant board of education of the city of Milford.[2] The dispositive issue on appeal is whether the court improperly concluded that the plaintiffs' failure to cite a statutory basis for abrogating the defendant's govern-

---

[1] Lisa Caruso brought this action on behalf of her minor daughter, Carisa Caruso, whose injuries are the subject of this action. Lisa Caruso also claimed financial losses as a result of Carisa's injuries. See footnote 4.

[2] The city of Milford was a party until the plaintiffs withdrew the complaint against the city on March 30, 2000, which left the city's board of education as the only remaining defendant in the action. We refer in this opinion to the board of education as the defendant.

mental immunity barred the action as a matter of law.[3] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the plaintiffs' appeal. On September 15, 1997, Carisa Caruso was a six year old first grade student enrolled at the Live Oaks elementary school at 575 Merwin Avenue in Milford. During the recess period, Carisa was playing on the playground on a ring set apparatus when she fell and sustained injuries, including a broken nose that required surgery.

On September 22, 1999, the plaintiffs commenced this action by writ and complaint. The plaintiffs filed an amended four count complaint on March 30, 2000.[4] The defendant filed an answer and special defenses on April 24, 2000. After the pleadings were closed, the defendant filed a motion for summary judgment, claiming that the action was barred by governmental immunity. The court, *Moran, J.*, heard oral argument on August 13, 2001, and filed a written decision on December 10, 2001, granting the defendant's motion for summary judgment as to all counts. The plaintiffs then brought this appeal.

"The standards governing our review of a trial court's decision to grant a motion for summary judgment are

[3] Because we agree with the court that the plaintiffs' action fails as a matter of law because they did not provide a valid statutory basis for abrogation of the governmental immunity of the defendant, we need not reach the other claims on appeal, namely, that the court acted as trier of fact in reaching conclusions regarding supervision of school children and maintenance of the playground where the injuries at issue occurred, and that it failed to consider the application of common-law exceptions to governmental immunity or that the enactment of General Statutes § 52-557n effectively abolished governmental immunity.

[4] As the court correctly stated in its memorandum of decision, counts one and two were based on negligence and could have been alleged as one count. Count three was a derivative claim, in which Lisa Caruso sought reimbursement for medical expenses she paid on behalf of Carisa. Count four alleged reckless indifference.

well established. Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citation omitted; internal quotation marks omitted.) *Davies* v. *General Tours, Inc.*, 63 Conn. App. 17, 20–21, 774 A.2d 1063, cert. granted on other grounds, 256 Conn. 926, 776 A.2d 1143 (2001) (appeal withdrawn October 18, 2001).

"The party opposing a motion for summary judgment must present evidence that demonstrates the existence of some disputed factual issue . . . . The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." (Citation omitted; internal quotation marks omitted.) *Pion* v. *Southern New England Telephone Co.*, 44 Conn. App. 657, 663, 691 A.2d 1107 (1997). If "there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." *Heyman Associates No. 1* v. *Ins. Co. of Pennsylvania*, 231 Conn. 756, 795, 653 A.2d 122 (1995).

"Because the trial court rendered judgment for the [defendant] as a matter of law, our review is plenary and we must decide whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Davies* v. *General Tours, Inc.*, supra, 63 Conn. App. 21.

The plaintiffs claim that the court improperly concluded that the defendant was entitled to summary judgment on all counts because the plaintiffs had failed to

cite any statutory basis for the abrogation of the doctrine of governmental immunity. We disagree.

It is undisputed on appeal that as to the claims presented, the defendant board of education was an agent of the municipality. See *Heigl* v. *Board of Education*, 218 Conn. 1, 3–4, 587 A.2d 423 (1991) (town board of education can be agent of state for some purposes, agent of municipality for others). Although municipalities have no sovereign immunity; see *Murphy* v. *Ives*, 151 Conn. 259, 264, 196 A.2d 596 (1963); it is well settled that they are not liable for negligence in the performance of their governmental function under the doctrine of governmental immunity. See *Williams* v. *New Haven*, 243 Conn. 763, 766, 707 A.2d 1251 (1998); see also *Elliott* v. *Waterbury*, 245 Conn. 385, 411, 715 A.2d 27 (1998); *Wysocki* v. *Derby*, 140 Conn. 173, 175, 98 A.2d 659 (1953). The legislature, however, may abrogate governmental immunity by statute; thus, "the general rule developed in our case law is that a municipality is immune from liability for negligence unless the legislature has enacted a statute abrogating that immunity." *Williams* v. *New Haven*, supra, 766–67.

In *Williams*, our Supreme Court reversed a jury verdict for the plaintiffs, stating: "Because it is clear that a municipality enjoys governmental immunity for common-law negligence unless a statute has limited or abrogated that immunity, the plaintiffs cannot prevail. The plaintiffs do not rely on any such statute, and they have failed to name an agent, officer or employee of the municipality and to invoke indemnification pursuant to [General Statutes] § 7-465. The doctrine of governmental immunity, therefore, is fatal to their cause of action against the defendant." *Williams* v. *New Haven*, supra, 243 Conn. 769.[5]

---

[5] General Statutes § 7-465 (a) provides in relevant part: "Any town, city or borough . . . shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for

The *Williams* court, however, did not expressly state at what procedural stage of prosecuting an action a plaintiff must identify the statutory basis upon which it relies to abrogate a municipality's governmental immunity. We partially addressed that question in *Spears* v. *Garcia*, 66 Conn. App. 669, 676, 785 A.2d 1181, cert. denied, 259 Conn. 903, 789 A.2d 991 (2001), on reconsideration, cert. granted on other grounds, 259 Conn. 915, 792 A.2d 852 (2002).[6]

In *Spears*, the trial court granted summary judgment in favor of the defendants, a municipality and the municipality's fire department, because the plaintiffs in their pleadings had not raised any statute as abrogating municipal governmental immunity, and the trial court, citing *Williams*, reasoned that this was fatal to the claim. Id., 673. This court reversed the decision, how-

. . . physical damages to person or property . . . if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty. . . . Governmental immunity shall not be a defense in any action brought under this section. . . . As used in this section, 'employee' shall include (1) a member of a town board of education and any teacher, including a student teacher doing practice teaching under the direction of such a teacher, or other person employed by such board . . . ."

Section 7-465 provides that a municipality must indemnify its officers, agents and employees under certain circumstances. The court was correct that the plaintiffs' action fails to invoke § 7-465 as abrogating governmental immunity because the plaintiffs made a claim only against the board of education. A claim under § 7-465 should contain two counts, one against the agent, and the second against the municipality in indemnification. See *Wu* v. *Fairfield*, 204 Conn. 435, 438, 528 A.2d 364 (1987). Accordingly, as the defendant states in its brief to this court, "regardless of whether the plaintiffs identify the board of education as the negligent agent or as the political subdivision responsible for indemnification," the plaintiffs have failed to properly plead a cause of action under § 7-465.

[6] The Supreme Court heard argument in *Spears* on December 4, 2002, as to following issue: "Does General Statutes § 52-557n permit a plaintiff to bring a direct cause of action in negligence against a municipality?" *Spears* v. *Garcia*, 259 Conn. 915, 792 A.2d 852 (2002). An answer in the affirmative would call into question the holdings of both *Spears* and *Williams*.

ever, reasoning that *Spears* was procedurally distinguishable from *Williams.* Id., 676.

Generally, although Connecticut practice requires that any time a complaint is grounded on the application of a statute, that statute should be identified in the pleadings; Practice Book § 10-3 (a);[7] we nevertheless have interpreted that rule as directory rather than mandatory. *Criscuolo* v. *Mauro Motors, Inc.,* 58 Conn. App. 537, 545, 754 A.2d 810 (2000). Reaffirming our dictum in *Colon* v. *Board of Education,* 60 Conn. App. 178, 188 n.4, 758 A.2d 900, cert. denied, 255 Conn. 908, 763 A.2d 1034 (2000), in which we reconciled the *Williams* holding with our interpretation of Practice Book § 10-3 (a) as directory, the *Spears* court held that "although a plaintiff should plead a statute in a complaint that abrogates governmental immunity, failing to do so will not necessarily bar recovery as long as the defendants are *sufficiently apprised* of the applicable statute during the course of the proceedings." (Emphasis in original.) *Spears* v. *Garcia,* supra, 66 Conn. App. 676. In *Spears,* the plaintiffs had raised General Statutes § 52-557n in their memorandum of law opposing the defendants' motion for summary judgment. *Spears* v. *Garcia,* supra, 676. We concluded that the defendants were sufficiently apprised when the plaintiffs first raised an applicable statute in their memorandum opposing the motion for summary judgment. Id.

With those precedents in mind, we turn to the facts of the present case. Despite several opportunities to do so, including a specific request by the defendant in its earlier request to revise and when directly prompted by the court at oral argument, the plaintiffs failed to proffer the statutory basis on which they relied to abro-

---

[7] Practice Book § 10-3 (a) provides: "When any claim made in a complaint, cross complaint, special defense, or other pleading is grounded on a statute, the statute shall be specifically identified by its number."

gate the defendant's governmental immunity. The plaintiffs claim that nevertheless, the defendant understood the nature of the claims and, thus, was sufficiently apprised of the applicable statute. The plaintiffs support that claim by noting that the defendant cited § 52-557n in pleading governmental immunity as a special defense. We disagree.

As stated previously, the defendant is entitled to notice of any statute on which the plaintiffs rely to defeat governmental immunity so as to avoid unfair surprise and to allow time to prepare a defense. Section 52-557n contains such a statutory basis for the abrogation of governmental immunity and yet it also contains a partial codification of the common-law immunity itself.[8] The plaintiffs cannot rely on the defendant's citation to § 52-557n as a special defense as serving to apprise the defendant of the exact statutory basis of the plaintiffs' claim. Even on appeal, it is unclear if the plaintiffs intended to rely on § 52-557n, § 7-465 or both. Further, the plaintiffs improperly interpret *Spears* to mean that they may rely on recitation of facts alone without *ever* referencing a statute to invoke abrogation of governmental immunity. *Spears* cannot be read so broadly

[8] General Statutes § 52-557n (a) provides: "(1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; (B) negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit; and (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149. (2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: (A) Acts or omissions of any employee, officer or agent which constitute criminal conduct, fraud, actual malice or wilful misconduct; or (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."

without negating *Williams'* requirement that a statutory basis must be pleaded.

We conclude that the plaintiffs have failed to apprise the defendant properly of the statutory basis for abrogating the defendant's governmental immunity, as required under *Williams*, because the plaintiffs failed to cite a specific statute in their pleadings and did not cite to such in their memorandum of law in opposition to the motion for summary judgment or at oral argument on the motion so as to fall under the holdings of *Spears* and *Colon*. The court, therefore, properly granted the defendant's motion for summary judgment because, as a matter of law, the plaintiffs' claims were barred by the doctrine of governmental immunity.

The judgment is affirmed.

In this opinion the other judges concurred.