# MICHAEL GAUDINO ET AL. *v.* TOWN OF EAST HARTFORD
## (AC 24660)

Lavery, C. J., and McLachlan and Peters, Js.

Argued November 16, 2004—officially released February 8, 2005

*Jon L. Schoenhorn*, for the appellants (plaintiffs).

*Thomas R. Gerarde*, with whom was *Jay T. DonFrancisco*, for the appellee (defendant).

*Opinion*

LAVERY, C. J. The plaintiffs, Michael Gaudino, Jacqueline Gaudino, Angelina Gaudino and Joseph Gaudino, appeal from the summary judgment rendered by the trial court in favor of the defendant, the town of East Hartford. The court granted the defendant's motion for summary judgment on the grounds that the plaintiffs had not set forth a proper statutory claim under General Statutes § 7-465, and that the plaintiffs' common-law claims and statutory negligence claims under General Statutes § 52-557n were barred by governmental immunity. On appeal, the plaintiffs claim that the court improperly granted the defendant's motion for summary judgment because (1) the defendant's pleadings did not meet the standard for summary judgment and (2) governmental immunity does not apply in this case. We disagree and affirm the judgment of the trial court.

The plaintiffs initiated this action after they suffered serious injuries in a head-on collision caused by a high speed police pursuit of a driver who had threatened to commit suicide by driving his vehicle into an oncoming car. The eight count complaint alleged that agents of the defendant were negligent, careless and wanton in their attempt to apprehend the suspect, who had declared that he intended to kill himself and others by causing an automobile collision. Additional facts will be provided as necessary.

We begin by setting forth our standard of review. "The standard of review of a trial court's decision granting summary judgment is well established. Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court." (Citation omitted; internal quotation marks omitted.) *Greenwich Hospital* v. *Gavin*, 265 Conn. 511, 518–19, 829 A.2d 810 (2003).

Generally, a municipality is immune from liability unless the legislature has enacted a statute abrogating such immunity. *Caruso* v. *Milford*, 75 Conn. App. 95, 99, 815 A.2d 167, cert. denied, 263 Conn. 907, 819 A.2d 838 (2003). Two such statutes are §§ 7-465[1] and 52-

---

[1] General Statutes § 7-465 (a) provides in relevant part: "Any town, city or borough, notwithstanding any inconsistent provision of law, general, special or local, shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded . . . for physical damages to person or property, except as set forth in this section, if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty. . . . Govern-

557n.[2] Those "statutes . . . coexist in that parties may choose to rely on either statute as long as they meet the requirements therein." *Spears* v. *Garcia*, 66 Conn. App. 669, 680, 785 A.2d 1181 (2001), aff'd, 263 Conn. 22, 818 A.2d 37 (2003). Section 52-557n allows an action to be brought directly against a municipality for the negligent actions of its agents. Section 7-465 allows an action for indemnification against a municipality in conjunction with a common-law action against a municipal employee.

In this case, the defendant filed a motion for summary judgment as to all counts of the complaint on the ground of governmental immunity. The court correctly noted that every count in the complaint contained a paragraph stating that "[t]his action is brought pursuant to Connecticut General Statutes § 7-465." The court held that the plaintiffs' claims failed because they sued the municipality without bringing an action against employees or agents of the municipality. See *Altfeter* v. *Naugatuck*, 53 Conn. App. 791, 799, 732 A.2d 207 (1999) ("To invoke § 7-465, the plaintiffs first must allege in a separate count and prove the *employee's* duty to the individual injured and the breach thereof. Only then may the plain-

---

mental immunity shall not be a defense in any action brought under this section. . . ."

[2] General Statutes § 52-557n provides in relevant part: "(a) (1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; (B) negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit; and (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance . . . . (2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: (A) Acts or omissions of any employee, officer or agent which constitute criminal conduct, fraud, actual malice or wilful misconduct; or (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."

tiff go on to allege and prove the town's liability by indemnification." [Emphasis in original; internal quotation marks omitted.]). We agree with the court's ruling in favor of the defendant.

The plaintiffs argue that the motion for summary judgment should have been dismissed because it was a disguised motion to strike. They rely on *Gould* v. *Mellick & Sexton*, 66 Conn. App. 542, 785 A.2d 265 (2001), rev'd, 263 Conn. 140, 819 A.2d 216 (2003), for the proposition that it was improper for the defendant to file a motion for summary judgment because that motion did not allow the plaintiffs an opportunity to replead. We stated in that case that "[i]n recent years, this court has noted that parties increasingly resort to motions for summary judgment when the proper procedural vehicle is a motion to strike. There is a substantial difference between a motion for summary judgment and a motion to strike. The granting of a defendant's motion for summary judgment puts the plaintiff out of court as it did in this case. See Practice Book § 17-49. The granting of a motion to strike allows the plaintiff to replead his or her case. See Practice Book § 10-44." (Internal quotation marks omitted.) *Gould* v. *Mellick & Sexton*, supra, 554.

Although we do not condone the use of a motion for summary judgment as a response to a defective pleading when a motion to strike would suffice, we can find no statute, rule or case that prohibits the use of a motion for summary judgment in this context. In fact, our Supreme Court has stated that "[i]t is incumbent on a plaintiff to allege some recognizable cause of action in his complaint. If he fails so to do, it is not the burden of the defendant to attempt to correct the deficiency, either by motion, demurrer or otherwise. . . . Thus, failure by the defendants to demur to any portion of the amended complaint does not prevent them from claiming that the [plaintiffs] had no cause of action

and that a judgment in their favor was not warranted." (Citation omitted; internal quotation marks omitted.) *Brill* v. *Ulrey,* 159 Conn. 371, 374, 269 A.2d 262 (1970).[3] Because the statute abrogating municipal immunity that the plaintiffs pleaded in their action against the municipality also required an action against a municipal employee, summary judgment on the ground of municipal immunity properly was granted.

The plaintiffs concede that § 7-465 was the incorrect statute to plead, but argue that this mistake was inconsequential.[4] They contend in their brief that "[i]n any event, the plaintiffs submit that it did not matter, since the statutory basis for the claim against a municipality need not have been pleaded at all. Since the plaintiffs relied on § 52-557n in their opposition to summary judgment and because the trial court reached the question of that statute's applicability, the question is fully preserved."[5] The plaintiffs rely on *Spears* v. *Garcia,* supra, 66 Conn. App. 676, in which this court held that "although a plaintiff should plead a statute in a complaint that abrogates governmental immunity, failing to

---

[3] In fact, in this case, the defendant raised a defense that the pleadings were insufficient as a matter of law. The plaintiffs filed a motion to strike that defense for not being specific as to the deficiency in the complaint, and their motion was granted by the court. Although the defense was stricken, the plaintiffs' argument that they did not have notice of the deficiency and therefore could not file an amended complaint seems disingenuous. They were on notice that the defendant believed something was missing from the complaint. A review of the complaint and the governing law would have revealed the use of the incorrect statute.

[4] In their brief, the plaintiffs stated in relevant part: "The plaintiffs do not disagree with the trial court's conclusion that . . . General Statutes § 7-465 is an indemnification provision, which requires a successful action prosecuted directly against a public employee in the first instance. *Tryon* v. *North Branford,* 58 Conn. App. 702, 718, 755 A.2d 317 (2000). No allegations were made against individual municipal employees in this case."

[5] We note that the court also analyzed the motion for summary judgment under General Statutes § 52-557n. The court believed that the holding in *Spears* v. *Garcia,* supra, 66 Conn. App. 669, mandated that it address both statutes. We conclude that those alternate findings were not required.

do so will not necessarily bar recovery as long as the defendants are *sufficiently apprised* of the applicable statute during the course of the proceedings." (Emphasis in original.) *Spears* is distinguishable from this case. In that case, the plaintiffs' complaint was ambiguous in that it did not mention any statutory authority that abrogated governmental immunity. Id., 672. In contrast, the plaintiffs in the present case included in their complaint a clear citation to § 7-465, the statute on which they were relying.

The plaintiffs could have pursued an action against the municipality under either § 7-465 or § 52-557n. They cannot, however, alter the statute under which their claim was based without amending their complaint. This they failed to do. We conclude, therefore, that the court properly granted the defendant's motion for summary judgment on the ground of municipal immunity because the plaintiffs brought suit under § 7-465 without also suing a municipal employee or agent.[6]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] That issue is dispositive. We decline, therefore, to review the plaintiffs' other claims.