MARCIA IELLO *v.* MICHAEL WEINER ET AL.
(AC 32345)

DiPentima, C. J., and Gruendel and Beach, Js.

Argued April 12—officially released June 7, 2011

*David H. Johnson,* for the appellant (plaintiff).

*Beverly S. Knapp,* for the appellee (named defendant).

*Opinion*

GRUENDEL, J. The plaintiff, Marcia Iello, appeals from the summary judgment rendered by the trial court in favor of the defendant Michael Weiner.[1] On appeal, the plaintiff claims that the court improperly concluded that her action was time barred by the applicable statute of limitations[2] and could not be saved under General Statutes § 52-593.[3] We affirm the judgment of the trial court.

[1] Initially, the plaintiff filed a claim in this action against, and the court granted summary judgment in favor of, Family Dental Group, P.C. On appeal, the plaintiff challenges only the court's summary judgment in favor of the defendant Michael Weiner. As such, we confine our analysis to the issues raised by the court's granting of summary judgment in favor of Weiner. We therefore refer to Weiner as the defendant in this opinion.

We note also that, although counsel for the defendant has advised this court that the defendant's name correctly is spelled "Wiener," because the pleadings in this case reflect the spelling of the defendant's name as "Weiner," we use that spelling in this opinion.

[2] It is undisputed that the plaintiff's cause of action against the defendant is governed by the two year statute of limitations set forth in General Statutes § 52-584. Additionally, the plaintiff concedes that if her action against the defendant is not saved by General Statutes § 52-593, it is timed barred pursuant to § 52-584.

[3] General Statutes § 52-593 provides in relevant part: "When a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein, the plaintiff may bring a new action

The record reveals the following relevant facts and procedural history. On September 4, 2003, the plaintiff commenced a dental malpractice action against Kenneth Epstein, her former dentist, and Family Dental Group, P.C. (Family Dental) (first action). The first action against Epstein was based solely on a theory of negligence and related to Epstein's postoperative treatment of the plaintiff following dental surgery. On January 30, 2006, the plaintiff voluntarily withdrew the first action in its entirety.

On January 17, 2007, the plaintiff commenced this action against the defendant and Family Dental (second action), claiming that the second action, although not brought within the applicable statute of limitations, was saved by § 52-593. As with the first action, the second action against the defendant was based solely on a theory of negligence and related to the defendant's postoperative treatment of the plaintiff following the same dental surgery referred to in the first action.[4] Notably, the plaintiff conceded that both Epstein and the defendant provided postoperative care to her following her dental surgery.

Subsequently, both the defendant and Family Dental filed separate motions for summary judgment, arguing, inter alia, that § 52-593 could not save the plaintiff's second action from being time barred by General Statutes § 52-584. In support of his motion, the defendant claimed, inter alia, that because both the first action and the second action alleged negligence in the postoperative treatment provided by Epstein and the defendant, respectively, and because the plaintiff conceded

and the statute of limitations shall not be a bar thereto if service of process in the new action is made within one year after the termination of the original action. . . ."

[4] Indeed, the operative complaint in the first action is nearly identical to the operative complaint in the second action. The complaint in the second action merely added an additional allegation of negligent conduct against the defendant and elaborated on a previous allegation of negligence brought originally against Epstein.

that both Epstein and the defendant provided postoperative care to her, the plaintiff had in fact named a "right person" in her first action, as that term is used in § 52-593. Therefore, the defendant argued that § 52-593 was inapplicable, as Epstein was a proper defendant for the legal theory of negligence alleged by the plaintiff in the first action.

On February 19, 2010, the court issued a memorandum of decision granting summary judgment in favor of Family Dental but denying summary judgment in favor of the defendant. In so ruling, the court concluded that, inter alia, "[a]though the plaintiff admits that both [Epstein] and [the defendant] treated her postoperatively, the defendants have not shown that any of the specifications of negligence in [the first action] were properly directly against Epstein." Following the defendant's motion for reargument, however, the court, on May 5, 2010, vacated its previous ruling of February 19, 2010, rendering summary judgment in favor of the defendant on the basis of this court's decision in *Billerback* v. *Cerminara*, 72 Conn. App. 302, 805 A.2d 757 (2002). This appeal followed.

The plaintiff now claims that the court improperly granted summary judgment in favor of the defendant on the basis of *Billerback*. Although we conclude that *Billerback* is factually distinguishable from the case at bar, we nonetheless affirm the judgment of the court.[5]

Before addressing the merits of the plaintiff's claim, we begin by setting forth the applicable standard of review and legal principles governing our analysis. "We

---

[5] The fact that the court relied on *Billerback* to render summary judgment in favor of the defendant does not alter our analysis of the plaintiff's claim, because while *Billerback* is distinguishable from the present case, it is well settled that this court "can sustain a right decision although it may have been placed on a wrong ground." (Internal quotation marks omitted.) *Fennelly* v. *Norton*, 103 Conn. App. 125, 142, 931 A.2d 269, cert. denied, 284 Conn. 918, 931 A.2d 936 (2007).

exercise plenary review over a trial court's decision to grant a motion for summary judgment. . . . Pursuant to Practice Book § 17-49, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A material fact is a fact which will make a difference in the result of the case." (Citation omitted; emphasis omitted; internal quotation marks omitted.) *Krevis* v. *Bridgeport*, 80 Conn. App. 432, 434–35, 835 A.2d 123 (2003), cert. denied, 267 Conn. 914, 841 A.2d 219 (2004).

"Under Connecticut law, a right person, as that term is used in § 52-593, is one who, as a matter of *fact*, is a proper defendant for the legal theory alleged." (Emphasis in original; internal quotation marks omitted.) *Cogan* v. *Chase Manhattan Auto Financial Corp.*, 276 Conn. 1, 8, 882 A.2d 597 (2005), Moreover, "the plaintiff's failure to name *all* of the defendants from whom she could have recovered in her original action does not constitute a failure to name the right person as defendant within the meaning of . . . § 52-593." (Emphasis in original; internal quotation marks omitted.) Id., 11.

Here, our plenary review of the record confirms that the legal theory alleged in the first action was negligence—specifically, negligence in the postoperative treatment provided by Epstein. Because the plaintiff concedes that Epstein provided postoperative treatment to her, it is true, as a matter of fact, that Epstein was a proper defendant for the legal theory of negligence alleged by the plaintiff in her first action. Although it may be the case that the plaintiff's failure to name the defendant as a defendant in the first action was a benign oversight, our law is clear that "[t]he fact that the complaint in the plaintiff's original action failed to name all potentially liable defendants is immaterial."

Id., 10. Also, the fact that the specific allegations of negligence directed originally against Epstein were more appropriately pleaded against the defendant does not alter our resolution of the plaintiff's claim on appeal. Because the plaintiff's first action, premised on a theory of negligence, was brought against a "right person," § 52-593 is inapplicable and cannot save the plaintiff's second action from being time barred by § 52-584. Accordingly, the plaintiff's claim fails.[6]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] In reaching this determination, we are mindful of the issues raised and briefed by the parties as to whether the voluntary withdrawal of an action brought initially against an incorrect defendant qualifies as the failure to obtain judgment for purposes of applying the savings provision of § 52-593. In this regard, we note that the important policy reasons underlying the utilization of § 52-593 may not be consistent with the current state of our law on this issue, particularly this court's decision in *Cogan* v. *Chase Manhattan Auto Financial Corp.*, 83 Conn. App. 843, 844–45, 851 A.2d 407 (2004), aff'd, 276 Conn. 1, 882 A.2d 597 (2005). For purposes of resolving this appeal, however, we need not address the merits of this inconsistency.