******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ROGERS, C. J., with whom PALMER and EVELEIGH, Js., join, dissenting. The plaintiff, Jennie Finkle, administratrix of the estate of Barbara A. Eckert (decedent), contends in this certified appeal that the Appellate Court improperly concluded that the defendants, the town of Watertown (town) and John F. Carroll III, a police officer employed by the town, are entitled to judgment as a matter of law because the plaintiff's action is barred by the statute of limitations and does not come within the protection of General Statutes § 52-593.[1] The majority concludes that the Appellate Court properly affirmed the trial court's grant of summary judgment in favor of the defendants. For the following reasons, I disagree.

The factual background and procedural history of this case, as set forth in the majority opinion, can be briefly summarized as follows. On the evening of September 28, 2002, the decedent's former boyfriend, Mark Tannenbaum, went to the decedent's home in Watertown and became embroiled in a dispute with the decedent and a male friend of hers. Tannenbaum ultimately was arrested by Watertown police and brought to the police station where he was processed. Later that evening, Carroll released Tannenbaum on a promise to appear. Tannenbaum went to the decedent's home, where he shot and killed her. He then went to another location and killed himself.

Thereafter, the plaintiff brought an action against the town and three of its police officers, Christopher Marciano, David McDonnell and David Bromley, who had had dealings with Tannenbaum on the night of the murder, alleging, among other things, that the individual officers had been negligent in charging Tannenbaum and releasing him from custody. After discovering that Carroll had been solely responsible for releasing Tannenbaum, the plaintiff withdrew her complaint and brought a second action against Carroll and the town alleging that Carroll's negligence had resulted in the decedent's death. The defendants filed a motion to dismiss the second complaint, claiming that the plaintiff's claims were barred by the applicable statute of limitations and were not saved by the application of § 52-593. The trial court, *Brunetti, J.*, denied the motion. The defendants then filed a motion for summary judgment raising essentially the same claim. The trial court, *Ozalis, J.*, granted that motion. The plaintiff then appealed to the Appellate Court, which affirmed the judgment of the trial court. *Finkle* v. *Carroll*, 134 Conn. App. 278, 288, 37 A.3d 851 (2012). This certified appeal followed. See *Finkle* v. *Carroll*, 305 Conn. 907, 44 A.3d 184 (2012).

I begin my analysis with the standard of review. "The

party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Cogan* v. *Chase Manhattan Auto Financial Corp.*, 276 Conn. 1, 6, 882 A.2d 597 (2005). In addition, the proper interpretation of § 52-593 is a question of statutory construction that is subject to plenary review. Id., 7. "In making such determinations, we are guided by fundamental principles of statutory construction." *In re Matthew F.*, 297 Conn. 673, 688, 4 A.3d 248 (2010); see General Statutes § 1-2z.[2] "[O]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature." (Internal quotation marks omitted.) *Testa* v. *Geressy*, 286 Conn. 291, 308, 943 A.2d 1075 (2008). "Because [§ 52-593] is remedial in nature, it should be construed broadly to accomplish its remedial purpose. . . . In addition, any ambiguities should be resolved in a manner that furthers, rather than thwarts, the [statute's] remedial purposes." (Citation omitted; internal quotation marks omitted.) *DiPietro* v. *Farmington Sports Arena, LLC*, 123 Conn. App. 583, 594, 2 A.3d 963 (2010), rev'd on other grounds, 306 Conn. 107, 49 A.3d 951 (2012).

Section 52-593 provides in relevant part: "When a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein, the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto if service of process in the new action is made within one year after the termination of the original action. . . ." This court previously has concluded that "a 'right person,' as that term is used in § 52-593, is one who, as a matter of *fact*, is a 'proper defendant for the legal theory alleged.' " (Emphasis in original.) *Cogan* v. *Chase Manhattan Auto Financial Corp.*, supra, 276 Conn. 8. Thus, when the original action has failed as the result of a mistake as to legal theory, rather than a factual mistake in identifying the defendant, the second action does not come within the protection of § 52-593. *DiPietro* v. *Farmington Sports Arena, LLC*, supra, 123 Conn. App. 596. Moreover, when a plaintiff has brought an action against a proper defendant, the plaintiff's failure to name *all* potentially liable defendants does not trigger the protection of the statute in a second action brought against additional defendants. *Cogan* v. *Chase Manhattan Auto Financial Corp.*, supra, 10–11 ("[t]he fact that the complaint in the plaintiff's original action failed to name *all* potentially liable defendants" does not bring second action naming additional right defendant within protection of § 52-593 [emphasis added]); *Iello* v. *Weiner*, 129 Conn. App. 359, 363, 20 A.3d 81 (2011) (same).

In the present case, the defendants claim that, because, according to the allegations made by the plaintiff in the original action, which were supported by the

documents and affidavits that the defendants submitted in support of their motion for summary judgment, the conduct of the individual defendants in that action contributed to the decedent's death, the Appellate Court properly concluded that those defendants were proper defendants for purposes of § 52-593. Therefore, the defendants contend, the statute does not operate to save the present action. The plaintiff contends, to the contrary, that the cases on which the defendants and the Appellate Court rely are distinguishable from the present case because in none of them had the plaintiff failed to obtain a judgment in the original action on the ground that the plaintiff had mistakenly believed that the defendants in that action had engaged in specific negligent conduct that was in fact attributable to the defendant in the second action. I agree with the plaintiff. Specifically, I would conclude that, when there are multiple specifications of negligence in a particular count, and the plaintiff has mistakenly identified the wrong person as the party who engaged in one of the specifications, the plaintiff has "failed . . . to name the right person as [a] defendant" in that count pursuant to § 52-593, entitling the plaintiff to invoke the protection of that statute in a second action against the right defendant.

I note preliminarily that the defendants do not claim that the plaintiff did not make a mistake as to the identity of the person who released Tannenbaum from custody.[3] Instead, the defendants contend that whether the plaintiff made a mistake in failing to identify Carroll as that person is "beside the point" because, even if she did, the defendants in that action were still potentially liable defendants for purposes of § 52-593 on the basis of the *other* allegations of negligence, including their alleged failure to provide immediate assistant to the decedent, their failure to inform her of her right to seek the arrest and pretrial detention of Tannenbaum, and their failure to remain with the decedent until the threat of violence was eliminated. See footnote 5 of this dissenting opinion. I further note that both trial judges who addressed the issue agreed that the plaintiff had made a mistake of fact when she alleged that the individual defendants in the original action had released Tannenbaum from custody.[4] Thus, there is no dispute that this is not a case in which the plaintiff was "free to pursue [Carroll] in the original action but [failed] to do so for some reason, whether a tactical choice or technical deficiency." *Isidro* v. *State*, 62 Conn. App. 545, 550, 771 A.2d 257 (2001). The defendants also do not dispute that, if the *only* allegation of negligence in the original complaint had been that the defendants had negligently released Tannenbaum, § 52-593 would operate to save the second action. *Kronberg* v. *Peacock*, 67 Conn. App. 668, 673, 789 A.2d 1091 ("§ 52-593 would apply in a situation in which a plaintiff erroneously sues A under the mistaken belief that A negligently operated

or owned a vehicle, when in fact B operated or owned the vehicle"), cert. denied, 260 Conn. 902, 793 A.2d 1089 (2002). Rather, the defendants' sole claim is that § 52-593 does not apply because the plaintiff's claims in the original action "went far beyond simpl[e] negligence in the 'release' of Tannenbaum, as [the] plaintiff now attempts to make it appear,"[5] and the claims that were made against the defendants in the original action, but that have not been raised against Carroll, would support a finding of negligence against those defendants. Accordingly, the defendants contend that the plaintiff did not "[fail] to obtain [a] judgment by reason of [her] failure to name the right person[s] as defendant[s]" in the original action, as required by § 52-593. Instead, the defendants contend, the plaintiff unilaterally withdrew the action for no apparent reason. The plaintiff disputes this claim and contends that, because the "core theory of liability" in her original action was the allegation that the defendants had negligently released Tannenbaum from police custody, she would have been unable to prove negligence without being able to prove that allegation.[6] Thus, she claims that the original action "was hopeless without Carroll in the case . . . ." Accordingly, she contends that she failed to obtain a judgment in the original action because of her factual mistake.

I agree with the plaintiff. I recognize that the plaintiff made allegations of negligent conduct against the individual defendants in the original action that she does not make against Carroll in the present case. See footnote 5 of this opinion. For purposes of § 52-593, however, the critical point is *not* that some allegations of negligent conduct that the plaintiff made in the original case were made against the *right* persons. Rather, the critical point is that, because an allegation of negligent conduct that the plaintiff raised against Marciano, Bromley and McDonnell in the original action, namely, that they negligently released Tannenbaum, had been made against the *wrong* person, the plaintiff failed to obtain a judgment against the right defendant, which is all that § 52-593 requires.[7] Thus, this case is distinguishable from all of the cases on which the defendants and the Appellate Court rely because, in none of them, had the plaintiff made a factual mistake in the original complaint as to the person who engaged in a specific type of negligent conduct. See *Cogan* v. *Chase Manhattan Auto Financial Corp.*, supra, 276 Conn. 10; *Iello* v. *Weiner*, supra, 129 Conn. App. 363; *Kronberg* v. *Peacock*, supra, 67 Conn. App. 673; *Isidro* v. *State*, supra, 62 Conn. App. 550.

Moreover, even the defendants recognize that, if the plaintiff could have obtained a judgment against the defendants named in the original action, there would have been no reason for the plaintiff to withdraw that action and bring this action against Carroll and the town. Certainly, the plaintiff could not have gained any tactical advantage by withdrawing her claims against

the *more culpable* parties. In any event, as long as the plaintiff can show that she made a factual mistake regarding the identity of the person or persons who engaged in specific allegedly negligent conduct and she determined that, as a result of the mistake, the action could not be sustained, I do not believe that it is the function of the courts to second-guess her judgment as to the strength of her case against the various defendants for purposes of determining the applicability of § 52-593. If the plaintiff has made a misjudgment as to Carroll's relative culpability, she has taken the risk that the defendants will obtain summary judgment in their favor or successfully persuade the jury that Carroll cannot be held responsible for the decedent's death. Indeed, I can perceive no reason why the plaintiff should be forced to pursue claims that, as the result of a factual mistake in identifying the primary wrongdoer, she has determined to be so weak and marginal that she cannot prevail on them, any more than a plaintiff should be bound by the factual allegations of a complaint in which the plaintiff has mistakenly named a defendant who has *no* connection to the underlying events. Cf. *Viera* v. *Cohen*, 283 Conn. 412, 435–36, 927 A.2d 843 (2007) (rejecting construction of statutory apportionment scheme that would require plaintiffs "to pursue claims of weak liability against third parties, thereby fostering marginal and costly litigation in our courts" [internal quotation marks omitted]).

I recognize, of course, that, in order to invoke the protection of § 52-593, a plaintiff must establish that he or she *mistakenly identified* the defendants named in the original action as the persons who engaged in specified negligent conduct that, in fact, the newly named defendant in the second action engaged in. Thus, under my interpretation, the statute would not apply when the plaintiff named defendants in the original action who had a minimal connection to the alleged injury and then attempted to bring a second action against another wrongdoer who had greater potential liability, but who had not engaged in any of the specific negligent conduct attributed to the defendants in the original action.

The defendants also contend that § 52-593 does not apply here because the plaintiff brought the original action pursuant to General Statutes § 52-557n, and the town was a proper defendant in that action, from whom the plaintiff could have recovered the full amount of damages for the decedent's injuries and death regardless of whether Carroll was named as a defendant. In paragraph 29 of count three of the operative complaint in the original action, the plaintiff alleged that the town was liable "pursuant to . . . § 52-557n." The defendants point out that, under § 52-557n, a plaintiff may bring an action directly against a municipality for the negligence of its employees, without any requirement that the plaintiff name a negligent employee as a defen-

dant. *Spears* v. *Garcia*, 263 Conn. 22, 37, 818 A.2d 37 (2003) (direct cause of action against municipality is authorized by § 52-557n, without requirement that negligent employee be named as defendant); see also *Grady* v. *Somers*, 294 Conn. 324, 335, 984 A.2d 684 (2009) (same). The plaintiff contends that, to the contrary, count three of the operative complaint in the original action was an indemnification action brought pursuant to General Statutes § 7-465[8] and that, to prevail on that count, she was required to prove that the individual defendants had been negligent. Accordingly, the plaintiff contends, her factual mistake as to the identity of the person who released Tannenbaum from custody fatally undermined the claim.

I would conclude, and the majority agrees, that the plaintiff intended to raise an indemnification claim against the defendants pursuant § 7-465 in the original action, not a claim pursuant to § 52-557n. See *Boone* v. *William W. Backus Hospital*, 272 Conn. 551, 559, 864 A.2d 1 (2005) ("[t]he interpretation of pleadings is always a question of law for the court" [internal quotation marks omitted]). First and foremost, if the plaintiff had intended to bring a claim directly against the town pursuant to § 52-557n in the original action, there would have been no reason for her to withdraw the complaint upon learning of her factual mistake and to bring a second action against Carroll. The defendants have pointed to no conceivable tactical advantage that the plaintiff could have gained by following that course if she had intended to bring an action against the town pursuant to § 52-557n. Second, and relatedly, there would have been no need for the plaintiff to name Marciano, Bromley and McDonnell as defendants in the first instance if she had intended to bring an action pursuant to § 52-557n. As between §§ 52-557n and 7-465, only § 7-465 requires a plaintiff to establish the liability of municipal *employees*. *Kostyal* v. *Cass*, 163 Conn. 92, 97, 302 A.2d 121 (1972) ("[w]hatever may be the full scope and effect of [§ 7-465], in no event may the municipality be held liable under it unless the municipal employee himself becomes obligated to pay [sums] by reason of the liability imposed upon . . . [him] by law for physical damages to person or property" [internal quotation marks omitted]); compare *Spears* v. *Garcia*, supra, 263 Conn. 37 (plaintiff is not required to name individual employees as defendants in action pursuant to § 52-557n). Third, the plaintiff's reference to § 52-557n was contained in paragraph 29 of count three of the operative complaint, which count was expressly captioned, "Indemnification as to Defendant Town of Waterbury." Section 7-465, not § 52-557n, is the statute that authorizes an indemnification action against municipalities and their employees. See *Gaudino* v. *Hartford*, 87 Conn. App. 353, 356, 865 A.2d 470 (2005) ("Section 52-557n allows an action to be brought directly against a municipality for the negligent actions

of its agents. Section 7-465 allows an action for indemnification against a municipality in conjunction with a common-law action against a municipal employee."). Fourth, in paragraph 28 of count three, the plaintiff expressly alleged that, "[*p*]*ursuant to . . . § 7-465 . . .* all municipalities must indemnify and pay on behalf of their employees, all sums their employees become obligated for by reason of liability imposed by laws." (Emphasis added.) Finally, in the concluding paragraph of count three, paragraph 31, the plaintiff stated, "[*t*]*herefore,*" i.e., for all of the reasons set forth in the foregoing paragraphs of the count, including paragraph 29 referring to § 52-557n, "*pursuant to . . . § 7-465*, the plaintiff claims, and is entitled to, indemnity from the [t]own . . . for all sums awarded to the plaintiff against the defendants for the claims set forth in this complaint." (Emphasis added.)

I would also conclude that the fact that the town was a proper defendant in the original indemnification action pursuant to § 7-465 does not bar the plaintiff from bringing the second action pursuant to § 52-593. Section 7-465 effectively imposes vicarious liability on municipalities for the negligence of their employees. See *Sanzone* v. *Board of Police Commissioners*, 219 Conn. 179, 193, 592 A.2d 912 (1991) ("[§] 7-465 [a] effectively circumvented the general common law immunity of municipalities from vicarious liability for their employees' acts"); see also *Kostyal* v. *Cass*, supra, 163 Conn. 97 ("in no event may the municipality be held liable under [§ 7-465] unless the municipal employee himself becomes obligated" [internal quotation marks omitted]). Thus, if a plaintiff raising a claim pursuant to § 7-465 were unable to obtain a judgment against the individual employee named as the defendant because the plaintiff had identified the wrong employee as the active wrongdoer, the plaintiff would also be unable to obtain a judgment against the town. The defendants have cited no authority for the proposition that, when a plaintiff has claimed that an entity that is vicariously liable for the negligence of a person who was mistakenly identified as the active tortfeasor, a second action against the actual active tortfeasor and the vicariously liable defendant does not come within the protection of § 52-593.

To the extent that the defendants claim that the present action is barred because, in the original action, the plaintiff brought a separate claim directly against the town pursuant to § 52-557n[9] for its alleged negligence in failing to adopt guidelines for arrests in incidents of family violence, as required by General Statutes § 46b-38b (e), I also disagree. This claim against the town was not premised on the town's vicarious liability for the alleged negligence of Marciano, Bromley and McDonnell, but was directly against the town and was based on entirely separate and distinct conduct, namely, the town's alleged negligence in failing to adopt opera-

tional guidelines for arrests involving family violence. Again, the defendants in the present case have cited no authority for the proposition that, when a plaintiff has filed a multicount complaint in the original action and, in one of the counts, the plaintiff has made a factual mistake as to the identity of the actual tortfeasor, the plaintiff is barred from invoking the protection of § 52-593 in a second action making the same allegations against the right defendant because, in the original action, the plaintiff named a proper defendant in an entirely independent count involving a different active wrongdoer and different conduct. [10]

Accordingly, I would conclude that, because the plaintiff made a factual mistake when she identified the individual defendants in the original action as the persons who were responsible for releasing Tannenbaum from custody, the present action comes squarely within the protection of § 52-593. Indeed, § 52-593 is remedial in nature and must be construed broadly to accomplish its purpose of alleviating the harsh consequences of enforcing a statute of limitations when the plaintiff has failed to obtain a judgment in the original action because he or she made a factual mistake as to the identity of the person who engaged in the allegedly negligent conduct. See *DiPietro* v. *Farmington Sports Arena, LLC*, supra, 123 Conn. App. 594. Moreover, my conclusion is "consistent with the legislative [policy] that . . . the plaintiff be fully compensated and [the] defendants pay their fair share . . . ." *Viera* v. *Cohen*, supra, 283 Conn. 436; see also *Hanks* v. *Powder Ridge Restaurant Corp.*, 276 Conn. 314, 327, 885 A.2d 734 (2005) ("[t]he fundamental policy purposes of the tort compensation system [are] compensation of innocent parties, shifting the loss to responsible parties or distributing it among appropriate entities, and deterrence of wrongful conduct" [internal quotation marks omitted]). Accordingly, I would conclude that the Appellate Court improperly determined that the plaintiff was barred from invoking the protection of § 52-593 on this ground.

The majority does not appear to disagree with my conclusion that the plaintiff made a mistake of fact that prevented her from obtaining a judgment against Carroll under her original complaint as it was actually drafted. Nevertheless, it contends that § 52-593 does not apply here because the plaintiff could have obtained a judgment in her favor in the original action if she had *amended* the fourth count of the operative complaint alleging negligence directly against the town pursuant to § 52-557n to include an allegation that Carroll was negligent. I disagree with this analysis. First, because the defendants did not raise this claim on appeal and the parties have not had an opportunity to brief it, it is not properly before the court. *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, 311 Conn. 123, 162, 84 A.3d 840 (2014) ("if the reviewing court would have the discretion to review

[an issue not involving subject matter jurisdiction, plain error or constitutional error that was not preserved in the trial court or raised on appeal] because important considerations of justice outweigh the interest in enforcing procedural rules governing the preservation of claims and adversarial principles, the court may raise the claim sua sponte, *as long as it provides an opportunity for all parties to be heard on the issue*" [emphasis added]). Indeed, all of the arguments raised by the parties address the question of whether the plaintiff made a mistake of fact in her original complaint that would entitle her to invoke § 52-593. The defendants have not remotely suggested that, even if the plaintiff did make a mistake of fact of a type that would ordinarily allow a plaintiff to invoke the protection of § 52-593, the plaintiff cannot invoke the statute because she could have prevailed under a legal theory that she did not allege.

Second, even if I were to assume that the majority is correct that the plaintiff would have been *permitted* to amend her complaint in the manner that it suggests, I see no reason why she should be *required* to do so. The plaintiff had the unconditional right to bring an action against the individual defendants on the basis of their negligent conduct pursuant to § 7-465 or to bring an action against the town on the basis of that conduct pursuant to § 52-557n, the election of remedy being in her sole discretion. Section 52-593 unconditionally allows a plaintiff who is unable to obtain a judgment on a *claim that has been properly raised* because he or she named the wrong defendant to bring a second action against the right defendant after the statute of limitations has expired. The statute does not require a plaintiff to *change* an otherwise proper complaint in whatever manner might be required to obtain a judgment despite the fact that the plaintiff failed to name the right defendants. Significantly, the majority does not contend that the plaintiff would be able to obtain a judgment in her favor on the basis of the individual defendants' allegedly negligent conduct under the existing allegations of the operative complaint.

The majority does claim, however, that allowing the plaintiff to invoke § 52-593 in the present case would have "negative consequences for judicial economy, by permitting an entirely new action to be litigated in lieu of the relatively simple step of amending the complaint in the original action . . . [and] also raises the improper specter of a plaintiff filing 'successive complaints . . . naming different defendants, all of whom were proper, thereby permitting the plaintiff to take the proverbial second, third or even fourth bite of the apple, [which] could lead to unrestrained filings in cases with multiple defendants and open the door to endless litigation.' [*Cogan* v. *Chase Manhattan Auto Financial Corp.*, supra, 276 Conn. 11]." (Footnote omitted.) This ritual incantation of boilerplate language does nothing to bolster the majority's conclusion, however, because

the plaintiff did not file "successive complaints . . . naming different defendants, all of whom were proper . . . ." (Internal quotation marks omitted.) *Cogan* v. *Chase Manhattan Auto Financial Corp.*, supra, 11. Rather, she filed a complaint in which she mistakenly attributed specific negligent conduct to the *wrong* defendants, and she then withdrew that complaint and filed a second complaint in which she attributed the same negligent conduct to the *right* defendants. This is precisely the situation to which § 52-593 was intended to apply. Thus, any "negative consequences for judicial economy" as referenced by the majority that might arise from allowing the plaintiff and similarly situated plaintiffs to invoke § 52-593 are contemplated by the statute and cannot constitute a reason for barring its application. Moreover, there is no reason to believe that allowing the plaintiff to invoke the protection of § 52-593 will result in "unrestrained filings" and "endless litigation"; see *Cogan* v. *Chase Manhattan Auto Financial Corp.*, supra, 11; because there is no reason to believe that large numbers of plaintiffs mistakenly attribute specific negligent conduct to the wrong defendant.

Finally, even if I agreed with the majority's analysis, I would not agree that the plaintiff reasonably could have anticipated on the basis of the plain language of § 52-593 or of this court's precedents that she would be barred from invoking that statute and, instead, would be required to abandon her legitimate claim directly against the individual or individuals who were responsible for releasing Tannenbaum from custody pursuant to § 7-465 and amend her complaint to bring a claim of vicarious liability against the town pursuant to § 52-557n. Accordingly, I believe that, rather than affirming the judgment in favor of the defendants, fairness requires the majority to remand the case to the trial court with direction to reinstate the withdrawn action and to afford the plaintiff an opportunity to amend her complaint. See *Lusas* v. *St. Patrick's Roman Catholic Church Corp. of Waterbury*, 123 Conn. 166, 169, 193 A. 204 (1937) ("[w]here a case is withdrawn . . . the order of the court granting permission to withdraw is essential to prevent further action in the case, and that order, like any other, can of course be vacated or modified"); cf. *Galland* v. *Bronson*, 16 Conn. App. 54, 57, 546 A.2d 935 (Appellate Court has "power over the control of its own docket" and has authority to reinstate withdrawn appeal), cert. denied, 209 Conn. 820, 551 A.2d 755 (1988).

For the foregoing reasons, I would reverse the judgment of the Appellate Court upholding the trial court's grant of the defendants' motion for summary judgment. Accordingly, I dissent.

[1] General Statutes § 52-593 provides in relevant part: "When a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein, the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto if service of process in the new action is made within one year after the termination of the

original action. . . ."

[2] General Statutes § 1-2z provides: "The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered."

[3] The defendants contend that "the plaintiff in this case *was not mistaken* about the identity of the proper defendants when she commenced [the original action]." (Emphasis in original.) Because they never disputed the plaintiff's claim that she did not learn about Carroll's involvement until she conducted discovery, however, it is apparent that the defendants are claiming only that the plaintiff correctly believed that the defendants in the original action were proper defendants because a reasonable jury could conclude that their conduct contributed to the decedent's death even if they did not release Tannenbaum.

[4] In his memorandum of decision on the defendants' motion to dismiss, Judge Brunetti stated that "the plaintiff erroneously sued Marciano, Bromley and McDonnell under the mistaken belief that they had negligently released Tannenbaum, when in fact Carroll was the individual who had done so . . . ." In her memorandum of decision on the defendants' motion for summary judgment, Judge Ozalis stated that this was not a case "where the plaintiff failed to name all of the potentially liable defendants" in the original action, but "the plaintiff made a reasonable and honest mistake of fact in naming the original [defendants] . . . ."

[5] Specifically, the defendants rely on the following allegations in count two of the operative complaint in the original action, dated October 8, 2004, alleging negligence per se against the individual defendants: "The defendants violated the provisions of . . . General Statutes § 46b-38b (a), (b) and (d) in that they failed to properly evaluate [the] plaintiff's decedent's complaint to determine the appropriate charges and bond conditions to impose on Tannenbaum; and the defendants violated the provisions of . . . § 46-38b (d) by: (1) failing to provide immediate and adequate assistance to the plaintiff's decedent; (2) failing to adequately inform the plaintiff's decedent of her right to seek the arrest and pretrial detention of Tannenbaum; (3) failing to adequately inform the plaintiff's decedent of services available at the Office of Victim Services; (4) failing to remain with the plaintiff's decedent for a reasonable time until, in their reasonable judgment, the likelihood of further imminent violence was eliminated; and (5) failing unreasonably to take appropriate steps to prevent further contact between Tannenbaum and the plaintiff's decedent."

[6] Specifically, the plaintiff alleged in the original action that the individual defendants "charged Tannenbaum with only one misdemeanor, disorderly conduct, and, rather than setting a high bond on Tannenbaum with heavy restrictions, released him on a promise to appear in court with no bond or special restrictions at all." The plaintiff further alleged that, despite Tannenbaum's known history of domestic disputes with the decedent, "the defendants did nothing more than charge Tannenbaum with one misdemeanor and release him from their custody without bond."

[7] The following examples illustrate this point. If a plaintiff brought a complaint identifying A, B and C as the negligent parties, and then discovered that D had actually engaged in the negligent conduct that the plaintiff had mistakenly attributed to C, I can perceive no reason why, if the plaintiff failed to obtain judgment against C, the plaintiff would be barred from bringing a claim against D under the wrong defendant statute, even though A and B continued to be proper defendants. This would not be a case in which the plaintiff brought an action against A, B and C and then discovered that, *in addition* to A, B and C, D had engaged in negligent conduct. Compare *Cogan* v. *Chase Manhattan Auto Financial Corp.*, supra, 276 Conn. 10 ("[t]he fact that the complaint in the plaintiff's original action failed to name *all* potentially liable defendants" did not bring second action within protection of § 52-593 [emphasis added]); *Iello* v. *Weiner*, supra, 129 Conn. App. 363 (same). Similarly, I can perceive no reason why, if a plaintiff identified A, B and C as the negligent parties when only D had actually engaged in one of the acts of specific negligent conduct that the plaintiff had mistakenly attributed to A, B and C, and, as a result, the plaintiff failed to obtain a judgment against A, B and C, the plaintiff should be barred from bringing an action against D for his negligent conduct, even though A, B and C engaged in separate conduct that might subject them to weak or marginal negligence claims.

[8] General Statutes § 7-465 (a) provides in relevant part: "Any town, city or borough, notwithstanding any inconsistent provision of law, general, special or local, shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person or property . . . ."

[9] The operative complaint in the original action refers to General Statutes § 52-577n. Because no such statute exists, however, it is reasonable to conclude that the complaint contains a typographical error, and the plaintiff intended to refer to § 52-557n.

[10] The majority contends that my interpretation of § 52-593 "is inconsistent with the plain language of the statute, which refers to the 'fail[ure] to obtain judgment' 'in any civil action' in a global sense, and does not contemplate a failure to obtain judgment with respect to any particular defendant or claim when other viable claims exist within the plaintiff's original civil action. It also is inconsistent with *Cogan* v. *Chase Manhattan Auto Financial Corp.*, supra, 276 Conn. 10–11, *Iello* v. *Weiner*, supra, 129 Conn. App. 361–62, and *Kronberg* v. *Peacock*, supra, 67 Conn. App. 673–74, wherein the inclusion of properly named parties in an earlier action was held to bar the use of § 52-593 to save later actions against different defendants under different legal theories, along with [this court's] admonition in *Cogan* against allowing multiple 'bites at the apple.' *Cogan* v. *Chase Manhattan Auto Financial Corp.*, supra, 11." See footnote 19 of the majority opinion. Thus, the majority appears to conclude that, even if the plaintiff was prevented from obtaining a judgment against the individual defendants as the result of a factual mistake, § 52-593 does not apply because the plaintiff was not prevented by any factual mistake from obtaining a judgment against the town pursuant to § 52-557n for its alleged negligence in failing to adopt operational guidelines for arrests involving family violence. This conclusion—with which I disagree—would appear to be dispositive of the appeal. Accordingly, it is unclear to me why the majority devotes the bulk of its opinion to establishing that the plaintiff cannot invoke § 52-593 because she could have amended her complaint to include that negligence allegation against Carroll in her claim against the town pursuant to § 52-557n.